IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADVISACARE HOME HEALTHCARE
SOLUTIONS, INC., D/B/A ADVISACARE,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM GENERAL INSURANCE COMPANY,

      Defendants.

Case No. 1:23-cv-00180-RJJ-SJB
Hon. Robert J. Jonker

| | |
|---|---|
| Stephen J. Hulst (P70257)<br>RHOADES McKEE PC<br>Attorneys for Plaintiffs<br>55 Campau Avenue NW, Suite 300<br>Grand Rapids, MI 49503<br>(616) 235-3500<br>sjhulst@rhoadesmckee.com | Elaine M. Sawyer (P56494)<br>Jordan A. Wiener (P70956)<br>HEWSON & VAN HELLEMONT, P.C.<br>Attorneys for Defendants<br>25900 Greenfield Rd., Suite 650<br>Oak Park, MI 48237<br>(248) 968-5200<br>elaine@vanhewpc.com<br>jwiener@vanhewpc.com |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff AdvisaCare Home Healthcare Solutions, Inc. ("Plaintiff"), through its attorneys Rhoades McKee PC, states as follows for its Second Amended Complaint against Defendants State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company ("Defendants"):

### JURISDICTION AND VENUE

1.     Plaintiff is a corporation doing business in Kent County, Michigan.

1

2. Defendants are related/affiliated companies doing business in Kent County, Michigan, and with a resident agent address of 2900 West Road, Suite 500, East Lansing, Michigan.

3. This Complaint arises out of Defendants' agreement and obligation under Michigan's No-Fault Insurance Act to pay Plaintiff for care and other services rendered by Plaintiff to Defendants' insureds.

4. Plaintiff seeks damages in an amount greater than $25,000.00, exclusive of statutory interest, costs, and fees.

5. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates all foregoing allegations by reference.

7. Plaintiff provides care, supplies, and other services/benefits, including to those who have suffered catastrophic injuries in auto accidents.

8. Defendants are insurance companies that issue insurance policies to insureds in Michigan that must comply with Michigan's No-Fault Act.

9. Defendants' policies must provide payment for "allowable expenses," consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation.

10. In general, prior to July 2021, Defendants paid the full amount of Plaintiff's reasonable charges for the care and other services/supplies/benefits Plaintiff provided to Defendants' insureds.

11. Starting in or around July 2021, however, Defendants began paying less than Plaintiff's full and reasonable charges for the care and services/supplies/benefits Plaintiff provided

to Defendants' insureds, relying in whole or in part on new fee caps/schedules in amended MCL 500.3157, which went into effect July 2, 2021.

12. Plaintiff provided care and other services/supplies/benefits to the following individuals who were injured in auto accidents, required Plaintiff's services/supplies/benefits due to their accident injuries, and were insured and/or covered under a Michigan no-fault automobile policy of insurance by Defendants at the time of the accident (collectively, the "Individuals"):

| Name | Insurer | Claim Number |
|---|---|---|
| Carlson, Emily | State Farm | 221999680 |
| Dean, Martha | State Farm | 224560343 |
| Geller, Kathy | State Farm | 224553529 |
| Woodworth, Jam | State Farm | 222272750 |
| Bailey, Dennis | State Farm | 22V297852 |
| Phelps, James | State Farm | 22-027T-764 |
| Sarin, Elizabeth | State Farm Insurance | 222-43-W-291 |
| Steven Hamilton | State Farm | 22-8G35-018 |
| Beverly Burden | State Farm | 22-2729-576 |
| Greg Kailing | State Farm | 224351707 |
| Shelby Watson H | State Farm | 22967J837 |
| Adrian Slikkers | State farm | 22v761952 |
| Cody Cantrell | State Farm | 22-854X-437 |
| Dan Porterfield | State Farm | 22-K138-255 |
| Dana Sobczak | State Farm | 22/N07/305 |
| Daniel Porterfield | State Farm | 22-K138-255 |
| Joseph Reed | State Farm | 22768W063 |
| Miller, Deshawn | State Farm | 22-071K-465 |
| Randy Warren | State Farm | 22-980G378 |
| Rose,Terrance | State Farm | 22-00D4225 |
| Sean Whitman | State Farm | 22-5911Z80 |
| Charles Liggett | State Farm | 22-787V-971 |

13. The care and services/supplies/benefits provided to the Individuals by Plaintiff were reasonable and reasonably necessary for the particular Individual's care, recovery, and/or rehabilitation from their accident injuries and the Individuals incurred the expense of Plaintiff's services/supplies/benefits.

14. Plaintiff billed Defendants for the care and services/supplies/benefits provided to the Individuals, as insureds of Defendants.

15. The amounts charged and billed by Plaintiff to Defendants for the care and services/supplies/benefits provided to the Individuals were and are reasonable, customary, fair, and in accordance with the applicable Michigan No-Fault Act.

16. Defendants received Plaintiff's bills, charges, and documentary proofs for services/supplies/benefits provided to the Individuals.

17. Defendants, as the Michigan no-fault insurers for the above-referenced Individuals, were and are legally obligated to fully and timely pay Plaintiff for the care and services/supplies/benefits provided to the Individuals.

18. Plaintiff attempted to obtain full and proper payment for its reasonable charges from Defendants without the need for litigation.

19. Defendants, however, failed and refused to fully and timely pay Plaintiff's reasonable charges for the care and services/supplies/benefits provided to the Individuals.

20. Defendants' reliance on amended MCL 500.3157 and the fee caps/schedules contained therein was and is improper and illegal, as the Individuals injured prior to no-fault reform are not subject to such caps/schedules and/or applying such caps/schedules to the Individuals is unconstitutional, as confirmed by the Michigan Court of Appeals in the binding and published decision of *Andary v USAA,* Court of Appeals docket number 356487.

21. Moreover, even if amended MCL 500.3157 could apply, there are Medicare amounts payable for the care and services/supplies/benefits provided by Plaintiff to the Individuals and/or a charge description master that requires full payment of Plaintiff's reasonable charges.

22. To the extent Plaintiff continues to provide care and services/supplies/benefits to the Individuals the amounts owed by Defendants to Plaintiff may increase.

## COUNT I - BREACH OF CONTRACT AND VIOLATION OF NO-FAULT ACT

23. Plaintiff incorporates all foregoing allegations by reference.

24. Defendants, as the Michigan no-fault insurers for the Individuals, were obligated and agreed to pay Plaintiff for the care and services/supplies/benefits provided to the Individuals.

25. Defendants breached and violated their obligations and agreement by failing and refusing to fully and timely pay Plaintiff for the reasonable, customary, and fair fees and rates charged by Plaintiff.

26. As a result of Defendants' breach and violation of the Michigan No-Fault Act, Plaintiff suffered damages.

27. Defendants have unreasonably refused to pay and/or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and MCL 500.3148.

WHEREFORE, Plaintiff requests that judgment enter in its favor and against Defendants for over $25,000, plus penalty interest at 12% as provided in MCL 500.3142, attorneys' fees as provided by law, including MCL 500.3148, prejudgment interest pursuant to MCL 600.6013, common-law interest, and any and all additional amounts owed for on-going and future services, and that the Court award Plaintiff all other relief deemed equitable and just.

## COUNT II – DECLARATORY JUDGMENT

28. Plaintiff incorporates all foregoing allegations by reference.

29. An actual controversy exists between Plaintiff and Defendants as to the reasonableness of Plaintiff's charges, the applicability of amended MCL 500.3157 and propriety of Defendants' reduction in reimbursements, and amounts owed for the services/supplies/benefits Plaintiff provides to Defendants' insureds and the Individuals.

30. A declaratory ruling is required to guide the parties' future conduct and in order to preserve Plaintiff's legal rights, as Plaintiff continues to provide services/supplies/benefits to Defendants' insureds and/or the Individuals and will continue to do so in the future.

31. Plaintiff requires a declaratory ruling in order to obtain an adjudication of its right to recover its full charges for services/supplies/benefits provided to Defendants' insureds and the Individuals and in order to avoid a multiplicity of lawsuits.

WHEREFORE, Plaintiff requests that the Court enter a declaratory judgment, ruling that Plaintiff's charges for its services/supplies/benefits are reasonable and fully payable by Defendants under the applicable No-Fault Act; that Defendants' use of amended MCL 500.3157 to reduce reimbursement is improper and impermissible under Michigan law or that amended MCL 500.3157 requires full payment of Plaintiff's reasonable charges; and that the Court grant Plaintiff all other relief deemed equitable and just, including all further necessary or proper relief pursuant to MCR 2.605(F).

Dated: May 31, 2023

RHOADES McKEE PC
Attorneys for Plaintiff

By: _____
Stephen J. Hulst (P70257)
Business Address:
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI 49503
Telephone: (616) 235-3500